<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA LYNN FUSCHETTO, : | |
| Plaintiff, : | |
| v. : | Civ. Action No.: 15-5485-BRM-DEA |
| HON. JOSEPH L. FOSTER, et al., : | **MEMORANDUM OPINION** |
| Defendants. : | |

Before this Court is the Complaint of *pro se* Plaintiff Donna Lynn Fuschetto ("Plaintiff"), alleging violations of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (ECF No. 1.) On November 7, 2016, this Court dismissed the Complaint without prejudice for failure to state a claim, and granted Plaintiff leave to file an Amended Complaint on or before January 7, 2017, failing which the dismissal would be converted to with prejudice. (ECF No. 10.) To date, Plaintiff has not filed an Amended Complaint or otherwise responded to this Court's November 7, 2016 Order. Accordingly, for the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** for failure to prosecute.

On July 13, 2015, Plaintiff filed a lawsuit against sixty-five (65) named defendants for apparent violations of her rights under the Due Process Clause of the Fourteenth Amendment, arising out of Plaintiff's involuntary commitment in 2010. (ECF No. 1.) On September 1, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 8.) As such, pursuant to Section 1915(e) of the Prison Litigation Reform Act, this Court was required to screen the Complaint to, among other things, determine whether it stated a claim upon which relief may

be granted. *See* 28 U.S.C. § 1915(e)(2)(B). After completing its screening, by Letter Order dated November 7, 2016, this Court dismissed Plaintiff's Complaint without prejudice for failing to state a claim upon which relief may be granted. (ECF No. 10.) This Court's November 7, 2016 Order explained that "a liberal reading of the Complaint requires the Court to construe it as one invoking the Court's jurisdiction pursuant to 42 U.S.C. § 1983"[1] and "the statute of limitations for a civil rights claim under § 1983 is two years." (*Id*. at 3 (citations omitted).) This Court also explained "it is apparent on the face of the Complaint that Plaintiff's claims accrued, at the latest, in 'August 2011,'"[2] but "Plaintiff's Complaint, filed nearly five (5) years later . . . [was] clearly outside the two-year statute of limitation." (*Id*. at 4 (citations omitted).) Accordingly, this Court held Plaintiff's claims were time-barred and dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted. (*Id*.) Nonetheless, Plaintiff was granted leave to file an Amended Complaint on or before January 7, 2017, to the extent she was able to plead facts showing her claims are timely or that she is entitled to a tolling of the statute of limitations. (*Id*.) This Court cautioned, however, "that if Plaintiff fail[ed] to file an Amended Complaint by January 7, 2017, the Complaint w[ould] be dismissed with prejudice and the matter will be closed." (*Id*.) To date, Plaintiff has not filed an Amended Complaint.

---

1 Specifically, as this Court explained in its prior Order, "Plaintiff brings claims for violations of her 'Freedom, Liberty, and Rights' arising out of Plaintiff's involuntary committal in or around 2010. Although Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, because she is apparently seeking to vindicate her Fourteenth Amendment rights and she does not have a cause of action directly under the Constitution, a liberal reading of the Complaint requires the Court to construe it as one invoking the Court's jurisdiction pursuant to 42 U.S.C. § 1983." (ECF No. 10 at 3 (citations omitted).)

2 Plaintiff's alleges she was "imprisoned from July 12, 2010 to August 6, 2010," after which Plaintiff "had to follow a mandatory Discharge and Aftercare Plan" that was apparently administered by Preferred Behavioral. (ECF No. 1 at 6.) The Complaint specifically alleges Plaintiff's "last appointment with Preferred Behavioral [was] in August 2011." (*Id*.)

Rule 41 of the Federal Rules of Civil Procedure provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte. See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968). Typically, when a court dismisses a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). These factors include: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Here, the bulk of the *Poulis* factors weigh in favor of dismissal. As a *pro se* litigant, and in the absence of any evidence to the contrary, this Court finds Plaintiff's conduct in delaying this case is willful and attributable to her personally. Plaintiff waited more than five (5) years after her claims accrued to file her initial Complaint and has had over two (2) months to file an Amended Complaint in accordance with the Court's November 7, 2016 Order. Moreover, after this Court specifically "Ordered that if Plaintiff fails to file an Amended Complaint by January 7, 2017, the Complaint will be dismissed with prejudice and the matter will be closed," Plaintiff did not respond or otherwise indicate to this Court that she intends to pursue this action. Both Plaintiff's failure to

timely file her Complaint and subsequent failure to comply with the Court's November 7, 2016 Order demonstrate she has abandoned this case.

Because there have only been two incidents of dilatory conduct in this case thus far, for the purposes of the *Poulis* balancing test, there is no history of dilatoriness in this case. *See Briscoe*, 538 F.3d at 261 ("conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). Nonetheless, this Court finds Plaintiff's extreme dilatoriness in filing her Complaint, and thereafter, has caused prejudice to the defendants and their ability to defend against claims that accrued in or around mid-2010.

In considering the effectiveness of an alternative sanction, this Court finds, based on Plaintiff's unresponsiveness to its prior Order and her apparent abandonment of the case, alternative sanctions would be futile. Finally, in considering the sixth *Poulis* factor, this Court previously held Plaintiff's claims were time-barred and, thus, lacked merit.

For the reasons discussed above, this Court finds the majority of *Poulis* factors weigh in favor of **DISMISSING** this case **WITH PREJUDICE**. An appropriate Order will follow.

**Date: January 25, 2017**                                                   */s/ Brian R. Martinotti*
                                                                             **HON. BRIAN R. MARTINOTTI**
                                                                             **UNITED STATES DISTRICT JUDGE**